IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30323
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LESTER J. MILLET, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 95-CR-187-ALL-T
--------------------

October 21, 1999

Before JOLLY, JONES and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Lester Millet appeals from the district court's denial of
his motion for new trial, evidentiary hearing, and in camera
inspection of evidence.  Millet's motion stems from his 1996
conviction by jury for violations of 18 U.S.C. §§ 2, 1951 (Hobbs
Act); § 1952 (Travel Act), and §§ 2, 1956 (money laundering).
The convictions were based on Millet's misuse of his official
position as Parish President of St. John the Baptist Parish,
Louisiana, in persuading officials of Formosa Chemical
Corporation (Formosa) to purchase land in the parish.  Millet's

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convictions were affirmed on appeal.  United States v. Millet, 123 F.3d 268 (5th Cir. 1997).

Millet argues that he is entitled to a new trial under Fed. R. Crim. P. 33 because of newly discovered evidence.  Millet contends that an official of Formosa would now testify that Millet's activities were not a factor in Formosa's decision to abandon plans to build a rayon plant in the parish, and thus Millet's activities did not have the requisite effect on interstate commerce necessary to support a conviction under the Hobbs Act.  Millet also contends that the Government suppressed this testimony in violation of Brady v. Maryland, 373 U.S. 83 (1963).

This court will reverse the denial of a motion for a new trial only when there has been an abuse of discretion.  United States v. Pena, 949 F.2d 751, 758 (5th Cir. 1991).  The district court did not abuse its discretion in denying Millet's motion because Millet has not shown that the evidence is in fact newly discovered since the official in question testified at trial, nor has Millet shown that the evidence probably would produce a different result in a new trial.  United States v. MMR Corp., 954 F.2d 1040, 1046-47 (5th Cir. 1992).  Evidence is material under Brady when there is a reasonable probability that the result of the proceeding would have been different if the evidence had been disclosed to the defense.  United States v. Bagley, 473 U.S. 667, 682 (1985).  Millet has not shown that the Government suppressed the testimony in question or that the testimony is material Brady evidence.

AFFIRMED.